11623

RICHARDSON *ET AL.* v. NORTHWESTERN R. CO. of S. C.

(126 S. E., 397)

1. CONTINUANCE—DENIAL OF CONTINUANCE FOR ABSENCE OF WITNESS ON WHOM SUBPOENA HAD BEEN SERVED HELD ERROR.—Where testimony of plaintiff's absent witness, for whom no subpoena had been issued, given by such witness on a former trial, was admitted, it was error for Court to deny a continuance because of absence of defendant's witness on whom subpoena had been served.

2. APPEAL AND ERROR—OPINION OF APPELLATE COURT IS LAW OF CASE ON NEW TRIAL ORDERED BY COURT.—Opinion of appellate Court is law of case on new trial ordered by such Court.

3. TRIAL—ACTION OF COURT IN READING TO JURY OPINION OF APPELLATE COURT ON FORMER APPEAL HELD NOT ERROR.—Action of Court in reading to jury opinion of appellate Court on former appeal *held* not error.

Before MEMMINGER, J., Sumter, November, 1923. Reversed and remanded.

Action by Victoria M. Richardson and another against the Northwestern Railroad Company of South Carolina. Judgment for plaintiffs, and defendant appeals.

See, also, 124 S. C., 314; 117 S. E., 510.

*Messrs. Purdy & Bland* and *Tatum & Wood,* for appellants, cite: *Judge's refusal to charge and modification of the same:* 121 S. C., 394; 40 S. C., 80; 112 S. E., 352.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondent, cite: *Testimony given at former trial is admissible:* 84 S. C., 187; 110 S. C., 343; 4 Rich. L., 178. *Modification of request to charge correct:* 114 S. E., 500.

December 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement is as follows:

"This action was brought to recover damages for Mrs. Victoria M. Richardson, hereinafter referred to as the

plaintiff, for injuries received at a crossing of a highway over the defendant's road.

"James M. Richardson is her husband, and is joined with her as such. The case was tried before Judge Wilson and a jury, resulting in a verdict for the defendant. On appeal to this Court, the judgment was reversed for errors in the charge to the jury.

"On the call of the case for trial at the November, 1923, term of Court (November 12th), the defendant moved for a continuance upon the ground that Dr. H. M. Stuckey, a material witness, was absent. This motion was refused, and the colloquy between the counsel and the Court will show what took place. The case was ordered on for trial, and resulted in a verdict for the plaintiff in the sum of $10,000.00. A motion was made for a new trial, and was refused. Judgment was duly entered upon the verdict, and within due time the defendant gave notice of intention to appeal to this Court.

"Mr. Purdy: May it please the Court, one of our important witnesses whom we had duly summoned, Dr. Stuckey, who was called away to Washington or somewhere out of the State, sent me this statement (handing paper to Mr. Jennings).

"Mr. Jennings: I will agree to this with Judge Purdy: We will read to the jury the testimony of these two witnesses on the last trial. No; I can't agree to any admission, because there were no steps taken to get Dr. Stuckey here.

"Mr. Purdy: May it please the Court, I have a subpœna by which Dr. Stuckey was served on the 8th by the Sheriff.

"The Court: What is the difficulty with going on?

"Mr. Purdy: May it please the Court, we find ourselves confronted with this: We have one witness, whom we had summoned on the 8th, and we understand he has gone to Washington or New York. He made a statement which we regard as material, and I don't see how we can safely go to trial without it. We will make an affidavit that if he

were here he would make the statement contained in writing we have in our hands.

"The Court: Have you submitted the statements he would make to the counsel on the other side?

"Mr. Jennings: Your Honor, the witness has got no right to just leave, when they are subpœnaed, to attend a medical convention in Washington.

"The Court: Absolutely not.

"Mr. Jennings: If your Honor pleases, I don't see why I should admit this. We would have been glad to take Dr. Stuckey's testimony before he left.

"Mr. Purdy: I didn't know until very late he was a witness in the case, and when I did learn it, I immediately carried a summons to the Sheriff; that was the quickest way I knew to get at it. All we want is for him to admit that if Dr. Stuckey were here he would testify to what is contained in this statement.

"Mr. Jennings: When did you see him before he left town?

"Mr. Purdy: I would like to make an affidavit along with this statement; will your Honor permit me to do that now; it will only take about two minutes.

"The Court: That should be a matter of discussion before, and not after, the motion for a continuance. I don't propose to hold my Court open for all the doctors who want to go off, and if that man comes back before I leave here, I will make him show cause why he was not here.

"Mr. Purdy: I ask your Honor to let me file this affidavit along with the statement now.

"The Court: Was a regular subpœna served on this doctor?

"Mr. Purdy: Here is the subpœna, served November 8th, 1923.

"The Court: I want the Sheriff, when that man comes back here, to bring him up here before me. Notify the

Sheriff I want that doctor to appear here when he comes. Let's get a jury, Mr. Clerk.

"Mr. Purdy: Will your Honor consider the affidavit filed?

"The Court: To file a whole lot of papers after the motion has been passed on would not be justice to the Court, and would not be justice to the parties.

                              "Sumter, S. C. Nov. 10, 1923.

"To Whom It May Concern: This certifies that I was called to see Mrs. Victoria Richardson shortly after her accident (the exact date I do not now remember) in consultation with Dr. Stukes of Summerton, S. C.  I made a physical examination including a vaginal.  Dr. Stukes was apprehensive of a miscarriage; after my examination it was my opinion that it was not.

"Mrs. Richardson had a fractured arm, which I did not disturb, as Dr. Stukes had already fixed that.  We mapped out a plan of treatment, and I did not see Mrs. Richardson again.

                          "H. M. STUCKEY, M. D."

I. Exceptions 1 and 3 will be considered together. Exception 1 complains of error in forcing the cause to trial, in the absence of one of the defendant's witnesses, and exception 3 of allowing the introduction of the evidence of a plaintiff's witness as given on the former trial of this case.  The witness was said to have been in New York.  No subpœna had been served or ever issued for the plaintiff's witness.  A subpœna had been issued and served on the defendant's witness, and it was manifest error to exclude the one and admit the other.  These exceptions taken together must be sustained.

II. The appellant complains of error in the reading to the jury the opinion of this Court on the former appeal.  We have been cited to no authority and we know of none that forbids a presiding Judge to read from the opinion of the Appellate Court in that very case.  When

a new trial is ordered, the opinions of the Appellate Court declare the law that governs the case. It is well to give the statement in the language of the Appellate Court, written after supposedly mature deliberation, rather than an offhand paraphrase announced in the rush of a trial.

The other questions raised were as to errors that were peculiar to that trial and are not likely to be repeated on a new trial, and they need not be considered.

The judgment appealed from is reversed and a new trial ordered.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE MARION: I concur in the result. I think so much of the opinion of Mr. Justice Fraser, as refers to and disposes of the contention that the trial Judge committed error in reading from the opinion of this Court on a former appeal, is too broadly stated in that it is open to the construction that it is always proper for a trial Court to read to the jury from an opinion of the Supreme Court in that particular case. Obviously, the trial Judge on a new trial has no more right to refer to, state, or comment on the facts than the trial Court had at the first trial. In disposing of the points raised on appeal, it is not only necessary for the Supreme Court to state the facts, but it is frequently necessary to analyze and discuss the evidence in relation to the contention of law—a prerogative expressly denied to the trial Judge by the provisions of the Constitution, Article 5, § 26. It is equally obvious that the trial Court is not relieved of the duty to obey the constitutional mandate by the fact that the case has been in the Supreme Court, and that an opinion stating and discussing the facts has been delivered by that Court. It follows that if the matter read to the jury from an opinion of this Court embraces any reference to or comment on the facts of the case, which it would have been improper for the trial Court to make on the first trial in declaring the law, without charging "in respect to matters

of fact," as required by the Constitution, such reading would constitute a plain violation of the constitutional inhibition.

As to whether the Circuit Judge's action, complained of in the present case, should be held for reversible error, I express no opinion.